IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEREMY CHASE MANSFIELD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 3:21-cv-00948 |
| F/N/U RICADI, Sergeant, | )   Judge Trauger |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

The court is in receipt of a letter from the pro se plaintiff, Jeremy Mansfield, objecting to the collection of the filing fee in installments from his inmate trust account after he "drop[p]ed" this case in February 2022. (Doc. No. 6.) The plaintiff states that, because he is obliged to pay filing fees in this case and one other "dropped" case simultaneously, the $30 he receives as income each month is reduced by a combined 40 percent, as he is required to pay 20 percent of his income each month per case. (*Id.*) The plaintiff asks the court to "[p]lease see what [it] can do about" this costly withdrawal of funds from his trust account. (*Id.*) The court construes his letter as a motion for relief from the filing fee.

After ordering the dismissal of this case without prejudice due to the plaintiff's decision to no longer prosecute, the court assessed the full filing fee based on the requirements of the Prison Litigation Reform Act (PLRA) and the decision of the Sixth Circuit Court of Appeals in *McGore v. Wrigglesworth*, 114 F.3d 601, 605, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007). In *McGore*, the Sixth Circuit found that the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed," and that "by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment

by the district court." *Id.* at 605. Furthermore, "[e]ven a voluntary dismissal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the [statutorily] required filing fees." *Id.* at 607; *see also*, *e.g.*, *Heavner v. Aponte*, No. CV 21-00220-BAJ-EWD, 2021 WL 5830596, at *1 (M.D. La. Dec. 8, 2021) ("Voluntarily dismissing this action does not relieve Plaintiff of paying this statutorily required fee; thus, to the extent the Motion asks that collection of the fee cease, it is denied.").

The court is not insensitive to the plaintiff's lack of funds or his apparent unawareness that he would be liable for the full filing fee even after "dropping" this case. But these factors do not justify disregarding the requirement that he make full payment on the obligation he incurred by filing. Moreover, any concern over the austere financial condition of a prisoner subject to multiple fee-payment obligations was considered and rejected by the Supreme Court in 2016, when it held that the PLRA "calls for 'monthly payments of 20 percent of the preceding month's income' simultaneously for each action pursued." *Bruce v. Samuels*, 577 U.S. 82, 90 (2016). The Court acknowledged that "[t]he IFP statute does not explicitly address whether multiple filing fees (after the initial partial payment) should be paid simultaneously or sequentially," but it considered the purpose and language of the PLRA and announced that both the initial partial payment and the monthly installment payments "are to be assessed on a per-case basis." *Id.* at 85, 87. The Court noted the "concern that the per-case approach could leave a prisoner without money for amenities," but found that concern sufficiently counterbalanced by the constitutional requirement that prisons adequately supply their inmates with essential items and services, including food, clothing, shelter, and medical care, as well as the paper, pens, and stamps required to draft and mail legal documents. *Id.* at 89.

Accordingly, the plaintiff's motion for relief from the filing fee (Doc. No. 6) is **DENIED**.

This case remains closed.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge